UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PULSE ENGINEERING, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1237-LJM-VSS |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| PACIFIC INDEMNITY COMPANY, and | ) | |
| TRAVELERS INDEMNITY COMPANY, | ) | |
|     Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO REMAND**

This matter comes before the Court on plaintiff's, Pulse Engineering, Inc. ("Pulse"), Motion to Remand and Pulse's Application for Attorney's Fees and Costs. In its motion, Pulse asserts that defendant improperly removed this action in violation of the one-year limitation in 28 U.S.C. § 1446(b). Defendant, Travelers Indemnity Company ("Travelers"), responds that the one-year limitation does not bar removal in this case or, in the alternative, that Travelers is entitled to equitable relief from the statute's one-year limitation. Travelers also filed its own Application for Attorney's Fees and Costs.

**I. FACTUAL BACKGROUND**

On July 29, 2004, Pulse filed suit in Indiana state court against Federal Insurance Company ("Federal"), Pacific Indemnity Company ("Pacific"), and Hartford Accident and Indemnity Company ("Hartford") (collectively the "Defendants"). Pl.'s Br. at 2. Federal is an Indiana insurance company. *Id.* at 2 n.1. Pulse's suit sought a declaration that various insurance policies issued by the Defendants required Defendants to defend and indemnify Pulse for environmental liabilities arising

from a property in Leesburg, Indiana (the "Site"). *Id.* at 2. The Site was owned and operated by GTI Corporation ("GTI"), a company Pulse had acquired. *Id.* Pulse also sought damages alleging the Defendants breached their obligations under the policies. *Id.*

On October 12, 2004, Pulse filed an Amended Complaint against Federal, Hartford, and Pacific. *Id.* In August 2005, Pulse settled its dispute with Hartford. *Id.* Following the state court's rulings on the remaining defendants' motions to dismiss and for summary judgment, a trial date for the matter was set on May 16, 2006. *Id.* at 3. During the period of May 9-10, 2006, Pulse received additional documents relevant to the case from GTI's historical insurance broker. *Id.* On May 11, 2006, Pulse settled its dispute with Federal and Pacific. Notice of Removal, Exh. C ("Motion for Leave"). The settlement agreement between these parties was executed on June 30, 2006. *Id.*

Pulse asserts that during the May 2006 document review it learned for the first time of its related claim against Travelers. Pl.'s Br. at 3. Prior to filing dismissals with respect to the newly-settled defendants, Pulse sought leave to file a Second Amended Complaint to add Travelers as a defendant. *Id.* Pulse's Second Amended Complaint was filed on July 31, 2006. *Id.* The Second Amended Complaint did not state claims against Federal or Pacific, but stated "Pulse has settled its claims against Federal and Pacific and will be filing a joint stipulation of dismissal with Federal and Pacific shortly." Notice of Removal, Exh. C ("Second Am. Compl."), at ¶ 3. Thereafter, on August 11, 2006, Pulse filed a stipulation of dismissal with respect to Federal and Pacific. Pl's Br. at 3. Travelers filed its Notice of Removal on August 16, 2006. *Id.* Travelers based its Notice of Removal solely on this Court's diversity jurisdiction. *Id.*

## II. STANDARD

A civil suit filed in state court may be removed to the federal court as long as the district court has original jurisdiction. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citing 28 U.S.C. § 1441). Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. *Id.* (citing *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir.), *cert. denied*, 459 U.S. 1049 (1982)). Any doubt regarding jurisdiction should be resolved in favor of the states. *Id.* (citing *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

## III. DISCUSSION

### A. WHETHER TRAVELERS' REMOVAL VIOLATES 28 U.S.C. § 1446(b)

The parties disagree whether § 1446(b)'s one-year limitation is even at issue in this case. *Compare* Pl.'s Br. at 5 ("Travelers filed its Notice of Removal . . . well beyond the one-year period permitted by [§ 1446].") with Def.'s Br. at 9 ("Travelers filed its notice to remove . . . well within . . . [§ 1446's] one-year time limitations."). 28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

In this Court's opinion, the resolution of the parties' disagreement turns on whether Pulse's Second Amended Complaint commenced a new piece of litigation against Travelers.

Other courts have questioned how to determine when an action has commenced for purposes of § 1446(b). *See Graft v. Alcoa*, Cause No. 1:02-cv-1848, 2003 WL 1984347, at *2 (S.D. Ind. Apr. 4, 2003) ("A 'key question for courts regarding removal under § 1446(b) has been when the action commences for purposes of the statute.'" (quoting *Sledz v. Flintkote Co.*, 209 F. Supp. 2d 559, 561-62 (D. Md. 2002))). Courts have "looked to the law of the state in which the state court action originated to determine when an action 'commences.'" *Id.* (citations omitted). Under Indiana law, an action is commenced "when the plaintiff presents the clerk with the documents necessary for commencement of suit." *Boostrom v. Bach*, 622 N.E.2d 175, 177 (Ind. 1993).

While the date of the commencement of an action for state law purposes might be clear, the removal court must consider whether a newly-filed claim is a new piece of litigation for removal purposes. This Court finds direction from *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805 (7th Cir. 2005). In *Knudsen*, the defendant removed a class action case invoking the Class Action Fairness Act ("CAFA"). *Knudsen*, 411 F.3d at 806. After the district court ordered a remand, the defendant sought leave to appeal the ruling to the Seventh Circuit. *Id.* The Seventh Circuit denied the petition for leave to appeal. *Id.* In dictum, the *Knudsen* court discussed how determining the date of commencement might differ for purposes of federal law from state law. *Id.* at 807. The court stated:

> As we have already hinted, however, a new claim for relief (a new "cause of action" in state practice), *the addition of a new defendant*, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, *could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes*. Removal practice recognizes this point: an amendment to the pleadings that adds a claim under federal law (where only state claims had been framed before), or adds a new defendant, opens a new window of removal.

*Id.* (citing 28 U.S.C. § 1446(b)) (emphasis added). Pulse urges the Court to ignore *Knudsen* by noting that Congress removed the one-year limitation in § 1446(b) when enacting CAFA. Pl.'s Br.

at 9. The CAFA has its own removal provision. 28 U.S.C. § 1453. However, the Seventh Circuit indicated that it was not discussing the CAFA removal statute, it was discussing traditional removal jurisprudence. *Knudsen*, 411 F.3d at 807. Therefore, the Court must consider whether Pulse's Second Amended Complaint naming Travelers as a defendant opened a new window for removal by commencing a new piece of litigation.

Pulse admits that it had settled in principle and, in fact, had already signed settlement agreements with all of the original defendants in the case prior to the filing of its Second Amended Complaint against Travelers. Motion for Leave ¶ 1. Further, Pulse's Second Amended Complaint did not even request relief against the settled defendants. Second Am. Compl. ¶ 3 ("Pulse has settled its claims against Federal and Pacific and will be filing a joint stipulation of dismissal with Federal and Pacific shortly."). In other words, the settled defendants were merely nominal parties in the Second Amended Complaint. Further, Pulse does not argue that Travelers was on notice of the litigation prior to the filing of the Second Amended Complaint, but relies exclusively on the commencement of the initial complaint against the prior defendants.[1] Pulse's Second Amended Complaint only asserted one active claim, the claim against Travelers. Second Am. Compl. ¶ 3. Because Pulse's claims against Federal and Pacific were settled, these defendants' presence in the Second Amended Complaint is disregarded for removal purposes. *See Lehr v. McCord*, Cause No. 1:02-cv-1636, 2003 WL 21147365, at *3 (S.D. Ind. May 11, 2003) ("The presence of a "nominal party" cannot defeat removal because that party does not affect diversity." (citing *Selfix, Inc. v. Bisk*,

---

[1] Pulse's argument that *Graft*, 2003 WL 1984347, should control the outcome of this decision is unpersuasive. Pl.'s Br. at 7-8. ("This case is indistinguishable from *Graft*."). The *Graft* court had not had the benefit of the *Knudsen* decision as *Knudsen* was decided two years later. *Graft*, 2003 WL 1984347 at *1.

867 F. Supp. 1333, 1335 (N.D. Ill. 1994) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993))))).

On these facts, the Court concludes that Pulse's Second Amended Complaint commenced a new piece of litigation as of July 31, 2006. Because Pulse's action against Travelers was initially removable when it was filed, the one-year limitation does not apply to Travelers' Notice of Removal. *See Brown v. Tokio Marine and Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002) ("Three other circuits [the Fifth, Sixth, and Ninth] have addressed this question, and all three are in agreement that rules of usage and statutory construction lead inevitably to the conclusion that the one-year limitation period modifies only the second paragraph of § 1446(b), and therefore only applies to cases that were not removable to federal court when originally filed. We are persuaded by the reasoning of those cases and we hold that construction to be the proper interpretation of the statute."). *See also Hill v. Ascent Assur. Inc.*, 205 F. Supp. 2d 606, 615 (N.D. Miss. 2002) (holding that the one-year limitation does not apply to two newly-added plaintiffs' Amended Complaint).

Travelers' Notice of Removal was filed on August 16, 2006, sixteen days after Pulse commenced a new piece of litigation against Travelers by filing the Second Amended Complaint. Therefore, Travelers' Notice of Removal did not violate the time limitations in 28 U.S.C. § 1446(b). For the reasons stated above, Pulse's Motion for Remand is **DENIED.**

### B. APPLICATIONS FOR ATTORNEY'S FEES AND COSTS

Travelers requests costs and expenses incurred in the preparation of its opposition to Plaintiff's Motion to Remand. Def.'s Br. at 18. Pulse, however, relied on relevant cited authority to form a reasonable belief that remand would be appropriate in this instance; therefore, Travelers'

Application for Attorney's Fees and Costs is **DENIED**.  *See Analytical Surveys, Inc. v. Intercare Health Plans, Inc.*, 101 F. Supp. 2d 727, 736 (S.D. Ind. 2000).  Because the Court ruled adversely to it, Pulse's Request for Attorney's Fees and Costs is moot, and is therefore **DENIED**.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Pulse's Motion to Remand.  Further, the Court **DENIES** both Pulse's Application for Attorney's Fees and Costs and Travelers' Application for Attorney's Fees and Costs.

IT IS SO ORDERED this 5th day of December, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to:

Gregory M. Gotwald
PLEWS SHADLEY RACHER & BRAUN
ggotwald@psrb.com

Donna C. Marron
PLEWS SHADLEY RACHER & BRAUN
dmarron@psrb.com

Brett E. Nelson
PLEWS SHADLEY RACHER & BRAUN
bnelson@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Charles W. Browning
PLUNKETT & COONEY, P.C.
cbrowning@plunkettcooney.com

Jeffrey B. Fecht
RILEY BENNETT & EGLOFF LLP
jfecht@rbelaw.com

Danielle Perez
PLUNKETT & COONEY, P.C.
dperez@plunkettcooney.com

Distributed via U.S. Postal Service to:

Nicholas D. Andrea, Esq.
CHARLSTON REVICH & CHAMBERLIN, LLP
1925 Century Park East
Suite 1250
Los Angeles, CA 90067-2746